FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 DEC 23 PM 5:04

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

Mark W. Crooks
Assistant United States Attorney
Mark.Crooks@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4867
MAIN: 410-209-4800
FAX: 410-962-0716

December 10, 2014

Mr. Joshua Treem, Esq.
Brown Goldstein & Levy
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202

David B. Irwin, Esq.
Irwin Green & Dexter, L.L.P.
301 W. Pennsylvania Avenue
Towson, MD 21204

Re:     United States v. Richard Lee, Criminal No. JFM-14-002

Dear Messrs. Treem and Irwin:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by December 19, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offenses of Conviction

1.      The Defendant agrees to plead guilty to Count Three of the Second Superseding Indictment, which charges him with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) & 2256. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2.      The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are enumerated below.

    a.      That on or about the date charged in the Second Superseding Indictment, the defendant knowingly received a visual depiction;

Page 1

b.    That the visual depiction had been transported in interstate or foreign commerce by any means, including by computer;

c.    That the visual depiction involved the use of a minor engaging in sexually explicit conduct; and

d.    That the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.

## Penalties

3.    The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: imprisonment for not less than five (5) years and not more than twenty (20) years, followed by a term of supervised release of not more than life and a fine of $250,000. In addition, the Defendant must pay $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that, after he serves a term of imprisonment and is released and on supervised release, if he violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the

---

[1]

Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.     If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

      d.     The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

      e.     If the Defendant was found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

      f.     By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

      g.     If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

      h.     By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which this Office would prove beyond a reasonable doubt, and to the following applicable Sentencing Guidelines factors:

a.      Pursuant to U.S.S.G. § 2G2.2(a)(2), the base offense level for receipt of child pornography is **22.**

b.      Pursuant to U.S.S.G. § 2G2.2(b)(2), **2** levels are added because the material involved prepubescent minors.  Subtotal = **24.**

c.      Pursuant to U.S.S.G. § 2G2.2 (4), **4** levels are added as the offense involved sadistic or masochistic or other depictions of violence.  Subtotal = **28.**

d.      Pursuant to U.S.S.G. § 2G2.2(b)(6), **2** levels are added because the offense involved the use of a computer or an interactive computer service for the receipt of the material.  Subtotal = **30.**

e.      Pursuant to U.S.S.G. § 2G2.2(b)(7)(D), **5** levels are added because the offense involved more than 600 images.  Subtotal = **35.**

f.      This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.  This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct.  This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c)   gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated base offense level is **32.** The parties believe, but do not stipulate, that the Defendant is a Criminal History Category I and therefore the guideline range is 121 to 151 months.

7.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

## Rule 11 (c) (1) (C) Plea

9.      The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a sentence of **no more than** eleven (11) years (132 months) imprisonment to be served in the custody of the Bureau of Prisons, to be followed by a period of 5 to 11 years of supervised release, is the appropriate disposition of this case.   Thus, because there is a mandatory minimum term of imprisonment of five (5) years, the sentencing range is 5 to 11 years.   The parties agree that the period of supervised release shall be inversely proportional to the sentence given, yielding a net period of sixteen years.   So, for example, if the Court issues a sentence of 11 years, supervised release will be 5 years.   At the other end of the spectrum, if the Court were to issue a 5-year sentence, supervised release would be 11 years.   And every possible incarceratory sentence between 5 and 11 years will be inversely proportional to the number of years of supervised release.   (E.g., An 8-year sentence would yield 8 years of supervised release.)   This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release.   In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void.   Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

## Obligations of the United States Attorney's Office

10.      The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.   Specifically, the government shall be allowed to introduce direct and circumstantial evidence of the additional counts, including eliciting the testimony of the person T.F., who is described further in Attachment A.   The government shall be allowed to publish for the Court in support of its sentencing recommendation, among other items, any photographs, audio or video recordings, text messages, email communications or data files.   Further, the government shall not be limited

in its arguments to the Court that it might consider these additional crimes and bad acts in its sentencing determination for Count 3. At sentencing, the Defendant can bring to the Court's attention and introduce any relevant information in response to, or in addition to, the information produced by this Office regarding T.F. described in this paragraph and Attachment A. The Defendant is not limited to producing information concerning only Count 3 to which he has pled guilty.

## Restitution

11.     The Defendant agrees to the entry of a Restitution Order for the full amount of T.F.'s losses incurred as a result of the Defendant's crimes. The Defendant agrees that, pursuant to 18 U.S.C. § 2259, §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court shall order restitution of the full amount of the actual and total loss caused by the offense conduct set forth in the factual stipulation. The Court shall direct the defendant to pay T.F. any expenses related to medical services pertaining to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; transportation or housing or child care expenses; lost income; attorney's fees and costs; or any other losses suffered by the victim as a proximate result of the offense. These offenses shall include, but not be limited to, funding for substance abuse rehabilitation programs for T.F., and transportation to the rehabilitation program of her choosing. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. If, however, a civil settlement/resolution is reached between T.F., her civil counsel and Richard Lee and his civil counsel, paragraphs 11-14 are moot. The civil settlement supersedes, replaces and voids any action by the government against Richard Lee for restitution in favor of T.F. The Court will not enter a restitution order in this matter if the civil resolution is reached, or, alternatively, the restitution order will mirror the terms of the civil settlement.

## Collection of Financial Obligations

12.     The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

13.     In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

14.     The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Forfeiture

15.     The Defendant understands that the court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, in accordance with 18 U.S.C. § 2253(a), and that the order of forfeiture will include not only the proceeds of the offenses to which he has agreed to plead guilty, but also property that was used or intended to be used to commit or to promote the commission of the offenses to which he has agreed to plead guilty. The property to be forfeited includes the following: The real property known as 630 South Wolf Street, Baltimore, Maryland 21231; an Apple MacBook Pro Model A1278, serial number C02GH44PDRJ7; an Apple MacBook Model A1181, serial number W8T218G7YA3; and a Western Digital external Passbook hard drive, serial number WXD0A8979612. If the Defendant chooses to pay a monetary sum to the United States Treasury equal to the equity of 630 South Wolf Street property (appraised value minus mortgage owed), than he may do so in lieu of actual forfeiture of the property itself.

16.     The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The Defendant also represents that he is unaware of any third-party interest in any of the specific assets that he has agreed to forfeit, and that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding. The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### Assisting the Government with Regard to the Forfeiture

17.     The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant

further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

<u>Waiver of Further Review of Forfeiture</u>

18.     The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

<u>Waiver of Appeal</u>

19.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives his rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

20.     The Defendant may withdraw from the agreement if the Court wishes to impose a sentence in excess of 11 years and the government may withdraw if the Court wishes to impose a sentence below the mandatory minimum of 5 years and/or the sentence does not include the period of supervised release prescribed herein. In the event that the Court rejects the plea, but neither side wishes to withdraw from the agreement, then nothing in this agreement shall be construed to prevent either the Defendant or this Office from invoking the provisions of Federal

Page 8

Rule of Criminal Procedure 35(a), and appealing from any decision thereunder, should a sentence be imposed that is illegal or that exceeds the statutory maximum allowed under the law or that is less than any applicable statutory mandatory minimum provision.

## Obstruction or Other Violations of Law

21.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case.  In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement.  Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.  As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence.  The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

22.     The Defendant expressly understands that the Court is not a party to this agreement.  The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C).

## Entire Agreement

23.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case.  The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____

Mark W. Crooks
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_____
Date

_____
Richard Lee

I am Richard Lee's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____
Date

_____
Joshua Treem, Esq.

I am also Richard Lee's attorney. I have also carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He also advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____
Date

_____
David Irwin, Esq.

## Attachment A: Factual Stipulation

*If this matter had proceeded to trial, the government would have proven the following beyond a reasonable doubt. The Defendant agrees that the following facts do not encompass all of the facts that would have been proven had this matter proceeded to trial.*

In October 2011, Richard Ho Lee (hereinafter "LEE") was 30 years old and a resident of Baltimore City. T.F., a female, was 16 years old and a resident of Essex, Maryland.

In or about September 2011, LEE responded to an advertisement promoting commercial sex on the "escort" section of *backpage.com,* an online bulletin-board site. At the time, T.F. was working for a pimp named "Bo" and representing to patrons that she was 19 when, in fact, she was 16. In or about September and October of 2011, LEE purchased sex from T.F. on five occasions. Each time, LEE paid $150 for thirty-minute interactions and LEE had both vaginal and oral sex with T.F. In order to assist T.F. in leaving "Bo", LEE picked T.F. up from a local hotel where she had been subject to prostitution." LEE offered T.F. to stay with him in Panama City, Florida.

On or about October 31, 2011, T.F. traveled to Florida with a ticket that LEE purchased. LEE picked her up at the bus station in Panama City. T.F. stayed with LEE at his condominium at the Carillon Beach Resort Inn ("the Carillon") in Panama City. After arriving in Florida, T.F. told LEE that she was only 16. Thereafter, they engaged in consensual sex.

LEE rented T.F. a hotel room at the Calypso Hotel in Panama City, Florida. From December 22, 2011 to January 4, 2012, LEE's credit card and email address were used to place/pay for 15 advertisements for T.F. in the "escorts" and "body rubs" sections of *backpage.com.* LEE purchased lingerie for T.F. and also took provocative photographs of T.F. in lingerie and underwear, some of which were attached to the *backpage* advertisements. T.F. did, in fact, perform both oral and vaginal sex with her patrons and agreed to provide LEE with a percentage of her earnings in order to cover her rent.

On or about January 9, 2012, LEE purchased a bus ticket for T.F., which T.F. used to travel from Florida back to Maryland.

In or about January 2012, LEE produced inside his Baltimore City residence a counterfeit North Dakota state driver's license for T.F., which indicated that she was 22 years old. LEE sent T.F. an email wherein he attached the counterfeit license and stated the following: "your new fake that I made! I gotta do some touching up later, but this will do for now ...". One purpose of the fake ID was to allow T.F. to accompany LEE to restaurants, bars and clubs, as they were continuing a consensual relationship.

In or about May 2012, LEE purchased a sex implement for T.F. which she displayed when LEE consensually took provocative photographs of her inside his residence in Baltimore City, Maryland at 630 South Wolf Street, Baltimore, Maryland. These photos included a prominent display of T.F.'s buttocks, anus and vagina were partially covered by her underwear.

Federal agents recovered an external hard drive belonging to **LEE** and used exclusively by **LEE** from his South Wolf Street residence. The external hard drive contained over 600 images of child pornography, as defined by 18 U.S.C. § 2256. Some of the images depicted minors that are less than twelve years old and portrayed sadistic and masochistic conduct. The computer also revealed that between August 2009 and April of 2010, **LEE** downloaded many of these images onto a Western Digital hard drive, some of which were known series of videos and photographs of child pornography, as defined by 18 U.S.C. § 2256.

In addition, **LEE**'s computer contained numerous templates designed to be used for the production of counterfeit state driver's licenses.

Agreed to this __19__ day of December 2014.

Richard Lee, Defendant